(Reap. Dec. 9093)

AMERICAN CYANIMID COMPANY *v.* UNITED STATES

Entry No. 789972.

(Decided March 7, 1958)

*Fred Bennett* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the court—

1— That the merchandise the subject of the above entitled reappraisement appeal consists of Mono Cresyl Glyceryl Ether imported from England.

2— That, at the time of exportation of the merchandise herein, no similar competitive article was manufactured or produced in the United States.

3— That, at the time of exportation of the merchandise herein, neither such nor similar imported merchandise was freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, in the usual wholesale quantities and in the ordinary course of trade.

4— That, at the time of exportation of the merchandise herein, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, was the invoice and entered price, and that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the above-mentioned reappraisement appeal is hereby submitted on this stipulation.

On the agreed facts, I find export value, as defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for appraisement of the mono cresyl glyceryl ether in question, and I hold such statutory value for the merchandise to be the invoice and entered price. Judgment will be rendered accordingly.